(No. 1406—

EDWARD G. FREER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.
*Opinion filed March 28, 1929.*

EDWARD G. FREER, for pro se.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLE-TON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This is a claim filed against the State of Illinois by Edward G. Freer, claimant, setting forth that on or about the 27th day of December, A. D. 1923, he was appointed State Highway Patrol Officer and has been since his employment engaged in said employment for the State of Illinois.

That in pursuance of and carrying out his duties as employee of the State of Illinois he was furnished with a four-cylinder Henderson motorcycle without sidecar for use in said employment.

The claimant further avers that on the 28th day of June, A. D. 1925, while in the course of his employment he was "chasing three men in a stolen car" between Plainfield and Aurora, Illinois; that he was struck by a car crossing the highway, throwing him from his motorcycle thereby fracturing the metacarpal index finger of his left hand, also cutting and bruising his hand.

The declaration further shows that on or about the 31st day of October, 1925, while the claimant was going to a Justice of the Peace Court as a witness in a case wherein he had made an arrest of a truck driver for driving without lights, his motorcycle skidded throwing him to the slippery pave-

ment breaking his left arm at the elbow from which injury the arm became stiff and is very painful at all times; he also received cuts and bruises on his face and body.

The declaration further shows that the claimant has paid out divers sums of money for hospital and physicians' bills.

The statement of the Attorney General filed herein sets out the law in like cases and calls the court's attention to numerous citations under the Workmen's Compensation Act which would apply in this case and the Attorney General states that this claimant would be entitled to, in the neighborhood of $1,500.00.

We are of the opinion that this is a case coming squarely within the rules of the Workmen's Compensation Act, and, therefore, award the claimant the sum of $1,500.00.